UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JODY WILSON JASSO, M.M. JASSO, and S.A. CHAPMAN, | Case No. 6:25-cv-00180-MTK |
| Plaintiffs, | **OPINION AND ORDER** |
| v. | |
| TEELA MARIE ABELS; DUSTIN K EDWARD ABELS; DARYL EUGENE WILSON; GREELEY POLICE DEPARTMENT; ADAM TURK; YSTENIA JASO; SALEM POLICE DEPARTMENT; LACEY RUNYON; ODHS CHILD WELFARE; ALETHEA BROOKS; JESSICA WOODFORD; MELISSA HUBANDS; JANICE SPEE; ATTORNEY GENERAL ASSISTANT ANDY V. ACOSTA; MARION COUNTY CIRCUIT COURT; MANUEL PEREZ; GOVERNOR TINA KOTEK; ATTORNEY GENERAL ELLEN ROSENBLUM; DEPARTMENT OF JUSTICE; DAN RAYFIELD; CINDY BUCKARDT; HILLSBORO POLICE DEPARTMENT; SGT. LELAND GILBERT; STATE OF OREGON; PAGIE CLARKSON; GRACE HOFFA; KEVIN BAXTON; UNITED STATES; NATALIE K WIGHT; and JENNIFER RUPP, | |
| Defendants. | |

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Jody Wilson Jasso ("Plaintiff") brings this action on behalf of himself and his minor children, M.M. Jasso and S.A. Chapman, against Defendants Teela Marie Abels, Dustin K Edward Abels, Daryl Eugene Wilson, Greeley Police Department, Adam Turk, Ystenia Jaso, Salem Police Department, Lacey Runyon, ODHS Child Welfare, Alethea Brooks, Jessica Woodford, Melissa Hubands, Janice Spee, Attorney General Assistant Andy V. Acosta, Marion County Circuit Court, Manuel Perez, Governor Tina Kotek, Attorney General Ellen Rosenblum, Department of Justice, Dan Rayfield, Cindy Buckardt, Hillsboro Police Department, Sgt. Leland Gilbert, State of Oregon, Pagie Clarkson, Grace Hoffa, Kevin Baxton, United States, Natalie K Wight, and Jennifer Rupp.

Before the Court are Plaintiff's Application for Leave to Proceed *in forma pauperis* ("IFP") and Motion for Appointment of Pro Bono Counsel. ECF Nos. 1, 3. For the following reasons, Plaintiff's Application for Leave to Proceed IFP is granted. However, the Clerk of the Court shall not issue process until further order of the Court because Plaintiff's Complaint is dismissed with leave to amend. Plaintiff's Motion for Appointment of *Pro Bono* Counsel is denied.

## BACKGROUND

Plaintiff's Complaint, captioned "42 USC 1983 civil action for deprivation of right," asserts 65 counts against Defendants. It is difficult to discern from the allegations what facts underly this action. Generally speaking, Plaintiff alleges: false reports of abuse or neglect, *see* Compl. ¶¶ 10, 13, 126-131; an unclear series of events related to a rental home located in Greeley, Colorado, *see id.* ¶¶ 6-9; alleged interactions with ODHS, the Salem Police Department, and Hillsboro Police Department related to custody of Plaintiff's minor children, *see id.* ¶¶ 14,

15, 76-77, 123-125; Plaintiff's alleged mental health diagnosis and its impact on Plaintiff's custody rights, *see id.* ¶¶ 16-27; allegedly false representations made in the course of an unspecified court proceeding or proceedings, *see id.* ¶¶ 28-37, 78-82; and the loss of Plaintiff's custody of his children, *see id.* ¶¶ 52-57, 62, 83-84. Plaintiff also alleges that various Defendants "forced [him] back into [his] childhood prohibited and banned rebirthing holding therapy treatment and diagnosis," *id.* ¶¶ 45-51, 61, repeatedly claiming that Defendants "deprived [him] of his right to follow Candace's Law and Candace Newmaker Resolution of 2002," *id.* ¶¶ 11, 12, 38-44, 63-75.

## DISCUSSION

### I.     IFP Application

A review of Plaintiff's application reveals Plaintiff cannot afford the costs of this litigation. The application is therefore granted. However, as explained in more detail below, the Complaint should be dismissed with leave to amend.

### II.    Mandatory Screening

Pursuant to 28 U.S.C. § 1915(e)(2), Congress has mandated that district courts screen IFP applications and dismiss any case that is frivolous or malicious, or fails to state a claim upon which relief may be granted. In determining the sufficiency of a self-represented party's complaint, the court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (in assessing whether a complaint fails to plead a claim, the court must accept all factual allegations as true); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996) (allegations of material fact are taken as true and construed in the light most favorable to plaintiff).

In addition, a complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atl. Corp.*, 550 U.S. at 555 (citations altered). The Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions—which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted—from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.*

### A. Claims on Behalf of Minor Children

As an initial matter, self-represented Plaintiff has brought this action on behalf of himself as well as his minor children. However, the Ninth Circuit has squarely addressed a self-represented plaintiff's ability to represent their minor children, adopting the reasoning of other circuits which "have held that the guardian or parent cannot bring a lawsuit on behalf of a minor in federal court without retaining a lawyer." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997), citing *Osei-Afriyie v. Med. Coll.*, 937 F.2d 876, 882-83 (3d Cir. 1991); *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61-62 (2d Cir.

1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). Accordingly, the claims asserted on behalf of Plaintiff's minor children are dismissed because Plaintiff may not bring those claims without retaining a lawyer.

    **B.**    **Failure to Allege Facts Sufficient to State a Claim**

Plaintiff's Complaint is captioned as brought under 42 U.S.C. § 1983 ("Section 1983"), though Plaintiff cites various criminal statutes and torts throughout the body of the Complaint. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks omitted). To establish a violation of a federal constitutional right under Section 1983, a party must show "(1) that a right secured by the Constitution or the laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006). The first step in a Section 1983 claim is to "identify the specific constitutional right allegedly infringed." *Albright*, 510 U.S. at 271.

Here, Plaintiff's allegations are insufficient as to both elements of a Section 1983 claim. Plaintiff's references to "unlawful detention" and "false imprisonment," *see* Compl. ¶¶ 14, 15, 76, could be liberally construed as alleging a violation of Plaintiff's Fourth Amendment right against unreasonable seizures. Likewise, Plaintiff's references to his custody rights to his children, *see id.* ¶¶ 16-23, 27-29, may be liberally construed as alleging a violation of his First and Fourteenth Amendment rights to familial association. *See Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) (allegations of interference with right to familial association may give rise to claims under the First and Fourteenth Amendments). But even construing those allegations as such, Plaintiff alleges insufficient facts for the Court to discern whether those

rights were violated or whether any such violations were committed by a person acting under color of State law.

With respect to all of Plaintiff's claims—under Section 1983 or otherwise—Plaintiff's Complaint contains only conclusory allegations with no factual details particular to each Defendant. Without such facts, the Court is unable to draw the reasonable inference that any Defendant committed unlawful conduct. Relatedly, factual allegations are necessary to put each Defendant on notice of what they allegedly did to violate Plaintiff's rights. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) (holding even *pro se* pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). Accordingly, Plaintiff fails to allege sufficient facts to state a claim against any Defendant.

### C.     Claims arising from Criminal Statutes

In addition to the above deficiencies, many of Plaintiff's claims are based in whole or part on alleged violations of federal and state criminal laws. Plaintiff requests that Defendants appear for "arraignment" and "plead[] to the charges," Compl. 22, and cites myriad federal and state criminal statutes as the basis of many of his claims. However, "[s]tatutes that provide for punishment by fine or imprisonment do not create privately enforceable rights or give rise to civil liability." *Keyter v. McCain*, 207 F. App'x 801, 802 (9th Cir. 2006), citing *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). To the extent that Plaintiff's claims rely solely on criminal statutes that do not create a private right of action, those claims are dismissed for that additional reason.

### D.    Immunity

Several of Plaintiff's claims are directed at judges and prosecutors based on their conduct during court proceedings. Those claims are dismissed for the additional reason that those Defendants are entitled to absolute immunity.

First, Plaintiff asserts claims against Defendant Judge Manuel Perez related to an apparent court proceeding. *See* Compl. ¶¶ 21, 39, 51, 64, 132, 142. However, judges are absolutely immune from civil liability for their judicial acts. *See Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872) and *Pierson v. Ray*, 386 U.S. 547 (1967)). Judicial immunity would not apply in two narrow circumstances: (1) for nonjudicial actions; and (2) for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Here, neither of the exceptions to judicial immunity apply under the facts pled, which relate to Defendant Judge Manuel Perez's execution of his judicial functions, and for which Plaintiff does not contest Defendant's jurisdiction over the matter.

Plaintiff also asserts claims against Defendant Andy Acosta based on his actions "as prosecutor" during an apparent court proceeding before Defendant Judge Manuel Perez. Compl. ¶ 35-38. However, absolute immunity shields prosecutors from suit if the claims are related to conduct "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). As pled, the claims against Defendant Acosta[1] in this case, which relate to the use of allegedly false representations during court proceedings, are barred by prosecutorial immunity. *See, e.g.*,

---

[1] Although Plaintiff names several other prosecutors as defendants as well, there are insufficient facts pled as to their conduct for the Court to discern whether prosecutorial immunity would bar the claims against them.

Page 7 — OPINION AND ORDER

*Milstein v. Cooley*, 257 F.3d 1004, 1008 (9th Cir. 2001) (absolute prosecutorial immunity "covers the knowing use of false testimony at trial, the suppression of exculpatory evidence, and malicious prosecution").

### E.     Leave to Amend

Ordinarily self-represented litigants are given leave to amend. *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988). But if it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," leave to amend need not be given. *Id.* at 623. (internal quotation marks omitted).

Reviewing Plaintiff's Complaint, it is not clear that the deficiencies in his Section 1983 claims and tort claims could not be cured by amendment. Because the facts underlying his Complaint as well as the identity and roles of each Defendant are unclear, the Court cannot say whether amendment would be futile. Plaintiff therefore has leave to amend his Complaint subject to the limitations below.

First, Plaintiff's claims premised solely on alleged violations of criminal statutes which do not create a private right of action are dismissed with prejudice. Amendment of such claims would be futile, as no amendment could cure the fact that those statutes do not create civil causes of action. Second, Plaintiff's claims against any judges and prosecutors—to the extent that they are premised on facts that would entitle them to absolute immunity—are dismissed with prejudice. Amendment cannot cure the immunity that these individuals are entitled to.

Finally, with respect to the claims on behalf of Plaintiff's minor children, those are dismissed without prejudice. *See Burgess v. Carmichael*, 37 F. App'x 288, 294 (9th Cir. 2002) (noting that while a parent may not proceed on behalf of their children without a lawyer, "dismissal with prejudice is not the appropriate response because [children] should not be

prejudiced by [their parents'] failure to retain a lawyer"). However, Plaintiff may not amend his Complaint to reassert claims on behalf of his minor children unless they are represented by an attorney.

Plaintiff is warned that a failure to file an amended complaint will result in the dismissal of this action with prejudice. The Court also reminds Plaintiff that, should he elect to file an amended complaint, he must reallege each of his claims, including the specific facts underlying each claim, and "may not incorporate by reference any part of [his] prior pleading[s]." LR 15-1(a)(3).

## III.     Motion for Appointment of Pro Bono Counsel

Plaintiff also moves the Court for appointment of pro bono counsel. There is generally no constitutional right to counsel in a civil case and a court may not "authorize [the] appointment of counsel to involuntary service." *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). A district court, however, may request an attorney to represent any person unable to afford counsel in limited circumstances. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is "within the sound discretion of the trial court and is granted only in exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate their claims in light of the complexity of the legal issues involved. *Id.* Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

The Court finds exceptional circumstances do not exist sufficient to justify appointment of counsel at this time. Given the problems with the Complaint, identified above, the Court is unable to draw any conclusions regarding Plaintiff's likelihood of success on the

merits or his ability to articulate his claims. The Court therefore finds that it is premature to grant Plaintiff's Motion for Appointment of Pro Bono Counsel. Plaintiff has leave to renew his motion at a later time.

Plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available to the public at https://www.ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself. Additionally, while the Court expresses no endorsement of these resources, Plaintiff may seek assistance through the Federal Bar Association's free Law Clinic program, https://oregonfederalbarassociation.org/federal-law-clinic, or a legal services provider listed on the Oregon Legal Aid Directory, https://oregonlawhelp.org/find-legal-help.

## CONCLUSION

For the reasons explained above, Plaintiff's Application to Proceed in Forma Pauperis (ECF No. 1) is GRANTED. However, the Complaint is DISMISSED with leave to amend to cure, if possible, the deficiencies outlined above. Should Plaintiff wish to amend his Complaint, such amended complaint is due within 30 days of the date of this order. Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF No. 3) is DENIED with leave to renew.

DATED this 10th day of April 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States District Judge